UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KEVIN WALKER and JULIA WALKER, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) CAUSE NO. 1:25-cv-00471-ALT |
| | ) |
| COMPASS HEALTH BRANDS CORP., BINSON'S HOSPITAL SUPPLIES, INC. d/b/a BINSON'S MEDICAL EQUIPMENT & SUPPLIES, and BLISS HEALTH PRODUCTS CO., LTD. | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL**

Plaintiffs, Kevin Walker and Julia Walker, by counsel, and for their first amended complaint for damages against Defendants, Compass Health Brands Corp., Binson's Hospital Supplies, Inc. d/b/a Binson's Medical Equipment & Supplies, and Bliss Health Products Co., Ltd. state as follows:

**PARTIES & JURISDICTION**

1. Plaintiffs, Kevin Walker and Julia Walker, reside together in the City of Albion, County of Noble, State of Indiana. They are citizens of the State of Indiana.

2. At all relevant times, Defendant, Bliss Health Products Co., Ltd. ("Bliss") was a foreign corporation with its principal address located at No. 3 Zehe Street, Tongxing East Road, Yumin Community, Xiaolan Town, Zhongshan City, 528415 Guangdong Province, China.

3. Bliss is in the business of developing, designing, manufacturing, distributing, supplying and/or selling rollator walkers that are put into the stream of commerce in the State of Indiana.



EXHIBIT
A

4. Bliss's contacts, by way of selling its rollator products to consumers within Indiana, were continuous and systematic.

5. For purposes of diversity of jurisdiction, Bliss is a citizen of the country of China. Plaintiffs are not aware of any principal place of business that is located inside the United States.

6. Defendant, Compass Health Brands Corp. ("Compass"), is a foreign corporation formed in Delaware, with its principal place of business at 6753 Engle Road, Middleburg Heights, OH 44130.

7. For purposes of diversity jurisdiction, Compass is a citizen of the States of Delaware and Ohio.

8. Compass is in the business of designing, manufacturing and/or distributing rollators that are placed into the stream of commerce in the State of Indiana.

9. Defendant, Binson's Hospital Supplies, Inc., d/b/a Binson's Medical Equipment & Supplies ("Binson's Hospital Supplies"), is a foreign corporation formed in Michigan, with its principal place of business at 26834 Lawrence Avenue, Center Line, MI 48015.

10. For purposes of diversity jurisdiction, Binson's Hospital Supplies is a citizen of the State of Michigan.

11. Binson's Hospital Supplies is in the business of distributing, supplying, and/or selling rollator walkers that are put into the stream of commerce in the State of Indiana.

12. This Court has jurisdiction over the Walkers' federal claims pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship and the amount in controversy is in excess of $75,000 exclusive of interest and costs.

13. Venue is proper in the Northern District of Indiana as the rollator at issue was transported to, sold and used in this district.

## FACTS

14. Plaintiffs reassert, reincorporate, and reallege paragraphs one (1) through thirteen (13) as if set forth fully herein.

15. On or about September 9, 2024, Kevin purchased a rollator walker, through his medical provider, which is believed to have been designed, manufactured, and/or distributed by Bliss and/or Compass. That rollator walker was then distributed and/or sold to Binson's Hospital Supplies.

16. Binson's Hospital Supplies assembled the rollator before providing it to Kevin Walker.

17. On March 1, 2025, Kevin was using the rollator to ambulate in Allen County, Indiana, when, suddenly and without warning, the device failed, causing Kevin Walker to fall and suffer significant and permanent injuries.

## COUNT I – BLISS' NEGLIGENT DESIGN

18. Plaintiffs reassert, reincorporate, and reallege paragraphs one (1) through seventeen (17) as if set forth fully herein.

19. Defendant, Bliss, was the designer and/or manufacturer of the rollator that failed and caused Plaintiff, Kevin Walker, to suffer injuries.

20. Bliss' rollator was defective in design when it left Bliss' hands or control, as the foreseeable risks of the product exceeded the benefits associated with its design.

21. The design of the rollator created a product more dangerous than a reasonably prudent consumer would expect when used in an intended or reasonably foreseeable manner.

22. Bliss failed to use reasonable care in designing and developing the rollator to avoid creating an unreasonable risk of harm to users such as the Plaintiff, Kevin Walker.

23. As a direct and proximate result of Bliss' negligent design of the rollator, Plaintiff, Kevin Walker, suffered severe and permanent injuries, considerable pain and suffering, incurred hospital and medical bills, lost wages, and will continue to suffer such injuries and damages in the future.

24. As a further direct and proximate result of Bliss' negligent design of the rollator, Plaintiff Julia Walker has lost the services and consortium of her husband, Kevin, and will continue to suffer such damages in the future.

**COUNT II – STRICT LIABILITY AGAINST BLISS**

25. Plaintiffs reassert, reincorporate, and reallege paragraphs one (1) through twenty-four (24) as if set forth fully herein.

26. The rollator that Bliss designed, manufactured, supplied, and/or placed into the stream of commerce was expected to and did reach the user/consumer without alterations or changes.

27. Plaintiff, Kevin Walker, was in the class of persons that Defendant, Bliss, should have foreseen as being subject to harm caused by the defective rollator it sold.

28. The rollator that Bliss manufactured, designed, sold, distributed, supplied, and/or placed into the stream of commerce was defective in manufacture and construction when it left Bliss' hands or control, in that the rollator walker was unreasonably dangerous to an ordinary user or consumer and posed a serious risk of injury or death.

29. As a direct and proximate result of Bliss' defective manufacture of the rollator, Plaintiff, Kevin Walker, suffered severe and permanent injuries, considerable pain and suffering, incurred hospital and medical bills, lost wages, and will continue to suffer such injuries and damages in the future.

30. As a further direct and proximate result of Bliss' defective manufacture of the rollator, Plaintiff Julia Walker has lost the services and consortium of her husband, Kevin, and will continue to suffer such damages in the future.

**COUNT III – BLISS' FAILURE TO WARN**

31. Plaintiffs reassert, reincorporate, and reallege paragraphs one (1) through thirty (30) as if set forth fully herein.

32. The rollator was defective due to inadequate warnings and instructions and was unreasonably dangerous to the ordinary user or consumer.

33. The rollator and/or the rollator's manuals and/or packaging contained no information or warnings that the rollator may suddenly fail when used properly by the user.

34. Bliss knew or should have known that the rollator's manual and/or packaging created significant risks of serious bodily harm and death to users such as Plaintiff, Kevin Walker.

35. The rollator was defective due to inadequate post-marketing and/or post-sale warning or instruction and was unreasonably dangerous to the ordinary user or consumer, because after Bliss knew or should have known of the risks of serious bodily harm and death from the use of their product, it failed to provide an adequate warning to consumers.

36. As a direct and proximate result of Bliss' negligent failure to warn, Plaintiff, Kevin Walker, suffered severe and permanent injuries, considerable pain and suffering, incurred hospital and medical bills, lost wages, and will continue to suffer such injuries and damages in the future.

37. As a further direct and proximate result of Bliss' negligent failure to warn, Plaintiff Julia Walker has lost the services and consortium of her husband, Kevin, and will continue to suffer such damages in the future.

## COUNT IV – BLISS' NEGLIGENCE

38. Plaintiffs reassert, reincorporate, and reallege paragraphs one (1) through thirty-seven (37) as if set forth fully herein.

39. Bliss had a duty to exercise reasonable care in designing and manufacturing the rollator.

40. Bliss failed to exercise reasonable care through the following acts or omissions:

a. Failing to design the rollator to be reasonably safe for ordinary users;

b. Failing to design the rollator in such a way as to eliminate the risk of foreseeable injury to users;

c. Failing to detect defects in the design, manufacture, and construction of the rollator walker.

d. Failing to adequately test the rollator walker under real-world usage conditions.

e. Failing to provide adequate warnings to consumers regarding the unreasonable risk of hazard posed by the rollator.

f. Failing to use reasonable care in designing, manufacturing, and warning users regarding the rollator.

41. As a direct and proximate result of Bliss' negligence, Plaintiff, Kevin Walker, suffered severe and permanent injuries, considerable pain and suffering, incurred hospital and medical bills, lost wages, and will continue to suffer such injuries and damages in the future.

42. As a further direct and proximate result of Bliss' negligence, Plaintiff Julia Walker has lost the services and consortium of her husband, Kevin, and will continue to suffer such damages in the future.

**COUNT V – COMPASS' NEGLIGENT DESIGN**

43. Plaintiffs reassert, reincorporate, and reallege paragraphs one (1) through forty-two (42) as if set forth fully herein.

44. Defendant, Compass, was the designer and/or manufacturer of the rollator that failed and caused Plaintiff, Kevin Walker, to suffer injuries.

45. Compass' rollator was defective in design when it left Compass' hands or control, as the foreseeable risks of the product exceeded the benefits associated with its design.

46. The design of the rollator created a product more dangerous than a reasonably prudent consumer would expect when used in an intended or reasonably foreseeable manner.

47. Compass failed to use reasonable care in designing and developing the rollator to avoid creating an unreasonable risk of harm to users such as the Plaintiff, Kevin Walker.

48. As a direct and proximate result of Compass' negligent design of the rollator, Plaintiff, Kevin Walker, suffered severe and permanent injuries, considerable pain and suffering, incurred hospital and medical bills, lost wages, and will continue to suffer such injuries and damages in the future.

49. As a further direct and proximate result of Compass' negligent design of the rollator, Plaintiff Julia Walker has lost the services and consortium of her husband, Kevin, and will continue to suffer such damages in the future.

**COUNT VI – STRICT LIABILITY AGAINST COMPASS**

50. Plaintiffs reassert, reincorporate, and reallege paragraphs one (1) through forty-nine (49) as if set forth fully herein.

51. The rollator that Compass designed, manufactured, supplied, and/or placed into the stream of commerce was expected to and did reach the user/consumer without alterations or changes.

52. Plaintiff, Kevin Walker, was in the class of persons that Defendant, Compass, should have foreseen as being subject to harm caused by the defective rollator it sold.

53. The rollator that Compass manufactured, designed, sold, distributed, supplied, and/or placed into the stream of commerce was defective in manufacture and construction when it left Compass's hands or control, in that the rollator walker was unreasonably dangerous to an ordinary user or consumer and posed a serious risk of injury or death.

54. As a direct and proximate result of Compass' defective manufacture of the rollator, Plaintiff, Kevin Walker, suffered severe and permanent injuries, considerable pain and suffering, incurred hospital and medical bills, lost wages, and will continue to suffer such injuries and damages in the future.

55. As a further direct and proximate result of Compass' defective manufacture of the rollator, Plaintiff Julia Walker has lost the services and consortium of her husband, Kevin, and will continue to suffer such damages in the future.

**COUNT VII – COMPASS' FAILURE TO WARN**

56. Plaintiffs reassert, reincorporate, and reallege paragraphs one (1) through fifty-five (55) as if set forth fully herein.

57. The rollator was defective due to inadequate warnings and instructions and was unreasonably dangerous to the ordinary user or consumer.

58. The rollator and/or the rollator's manuals and/or packaging contained no information or warnings that the rollator may suddenly fail when used properly by the user.

59. Compass knew or should have known that the rollator's manual and/or packaging created significant risks of serious bodily harm and death to users such as Plaintiff, Kevin Walker.

60. The rollator was defective due to inadequate post-marketing and/or post-sale warning or instruction and was unreasonably dangerous to the ordinary user or consumer, because after Compass knew or should have known of the risks of serious bodily harm and death from the use of their product, it failed to provide an adequate warning to consumers.

61. As a direct and proximate result of Compass' negligent failure to warn, Plaintiff, Kevin Walker, suffered severe and permanent injuries, considerable pain and suffering, incurred hospital and medical bills, lost wages, and will continue to suffer such injuries and damages in the future.

62. As a further direct and proximate result of Compass' negligent failure to warn, Plaintiff Julia Walker has lost the services and consortium of her husband, Kevin, and will continue to suffer such damages in the future.

## COUNT VIII – COMPASS'S NEGLIGENCE

63. Plaintiffs reassert, reincorporate, and reallege paragraphs one (1) through sixty-two (62) as if set forth fully herein.

64. Compass had a duty to exercise reasonable care in designing and manufacturing the rollator.

65. Compass failed to exercise reasonable care through the following acts or omissions:

a. Failing to design the rollator to be reasonably safe for ordinary users;

b. Failing to design the rollator in such a way as to eliminate the risk of foreseeable injury to users;

c. Failing to detect defects in the design, manufacture, and construction of the rollator walker.

d. Failing to adequately test the rollator walker under real-world usage conditions.

e. Failing to provide adequate warnings to consumers regarding the unreasonable risk of hazard posed by the rollator.

f. Failing to use reasonable care in designing, manufacturing, and warning users regarding the rollator.

66. As a direct and proximate result of Compass' negligence, Plaintiff, Kevin Walker, suffered severe and permanent injuries, considerable pain and suffering, incurred hospital and medical bills, lost wages, and will continue to suffer such injuries and damages in the future.

67. As a further direct and proximate result of Compass' negligence, Plaintiff Julia Walker has lost the services and consortium of her husband, Kevin, and will continue to suffer such damages in the future.

**<u>COUNT IX – BINSON'S HOSPITAL SUPPLIES' NEGLIGENCE</u>**

68. Plaintiffs reassert, reincorporate, and reallege paragraphs one (1) through sixty-seven (67) as if set forth fully herein.

69. Binson's Hospital Supplies had a duty to exercise reasonable care in the marketing, distribution, assembly, and sale of the rollator walker.

70. Binson's Hospital Supplies failed to exercise reasonable care through the following acts or omissions:

a. Failing to properly warn of the dangers that the rollator posed to ordinary users;

b. Failing to provide proper directions or instructions to ordinary users to safely and reasonably use the rollator;

c. Failing to assemble the rollator with reasonable care;

d. Marketing the rollator with inaccurate or misleading representations about safety and/or durability.

71. As a direct and proximate result of Binson's Hospital Supplies' negligence, Plaintiff, Kevin Walker, suffered severe and permanent injuries, considerable pain and suffering, incurred hospital and medical bills, lost wages, and will continue to suffer such injuries and damages in the future.

72. As a further direct and proximate result of Binson's Hospital Supplies' negligence, Plaintiff Julia Walker has lost the services and consortium of her husband, Kevin, and will continue to suffer such damages in the future.

**COUNT X – BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY AGAINST BLISS, COMPASS AND BINSON'S HOSPITAL SUPPLIES**

73. Plaintiffs reassert, reincorporate, and reallege paragraphs one (1) through seventy-two (72) as if set forth fully herein.

74. The Uniform Commercial Code as identified in Indiana Code § 26-1-2, *et seq.*, applies to Kevin and Julia Walker's purchase of the rollator walker designed, manufactured and/or distributed by Bliss and/or Compass and sold by Binson's Hospital Supplies located at 26834 Lawrence Avenue, Center Line, MI 48015.

75. Pursuant to Indiana Code § 26-1-2-314, when Kevin and Julia Walker purchased the rollator designed, manufactured and/or distributed by Bliss and/or Compass and sold by Binson's Hospital Supplies, an implied warranty of merchantability attached to the sale.

76. Bliss, Compass and/or Binson's Hospital Supplies breached its implied warranty of merchantability in one or more of the following ways:

a. selling and/or manufacturing a rollator walker that was not of fair and average quality; and

b. selling and/or manufacturing a rollator walker that failed to support the user's weight, causing harm to the user, such as Kevin Walker; and

c. selling and/or manufacturing a rollator walker that was not fit for the ordinary purpose for which a rollator walker is supposed to be used.

77. As a direct and proximate cause of Bliss, Compass and Binson's Hospital Supplies' breach of its implied warranty of merchantability, Kevin Walker suffered severe and permanent injuries, considerable pain and suffering, incurred hospital and medical bills, lost wages, and will continue to suffer such injuries and damages in the future.

78. As a direct and proximate cause of Bliss, Compass and Binson's Hospital Supplies' breach of its implied warranty of merchantability, Plaintiff, Julia Walker, has lost the services and consortium of her husband, Kevin, and will continue to suffer such damages in the future.

79. Plaintiffs seek all damages available to them under Indiana Code § 26-1-2-715.

**COUNT XI – BINSON'S HOSPITAL SUPPLIES' BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE**

80. Plaintiffs reassert, reincorporate, and reallege paragraphs one (1) through seventy-nine (79) as if set forth fully herein.

81. The Uniform Commercial Code as identified in Indiana Code § 26-1-2, *et seq.*, applies to Kevin and Julia Walker's purchase of the rollator walker sold by Binson's Hospital Supplies located at 26834 Lawrence Avenue, Center Line, MI 48015.

82. At the time of the sale of the rollator walker, Kevin and Julia Walker were in privity of contract with Binson's Hospital Supplies.

83. Pursuant to Indiana Code § 26-1-2-315, when Kevin and Julia Walker purchased the rollator walker sold by Binson's Hospital Supplies, an implied warranty of fitness for a particular purpose attached to the sale.

84. At the time of the sale of the rollator walker, Binson's Hospital Supplies knew or had reason to know that the rollator walker would be used by Kevin Walker while he recovered from surgery, and that Kevin Walker was relying on Binson's Hospital Supplies' skill and judgment to furnish a rollator walker free of any defective conditions.

85. Binson's Hospital Supplies breached its implied warranty of fitness for a particular purpose when it sold to Kevin and Julia Walker a rollator walker with a defective condition that broke underneath Kevin Walker as he was using it to ambulate, resulting in Kevin sustaining serious injuries.

86. The rollator walker purchased by Kevin and Julia Walker from Binson's Hospital Supplies was not fit for the particular purpose for which it was bought.

87. As a direct and proximate cause of Binson's Hospital Supplies' breach of its implied warranty of fitness for a particular purpose, Kevin Walker suffered severe and permanent injuries, considerable pain and suffering, incurred hospital and medical bills, lost wages, and will continue to suffer such injuries and damages in the future.

88. As a direct and proximate cause of Binson's Hospital Supplies' breach of its implied warranty of fitness for a particular purpose, Plaintiff, Julia Walker, has lost the services and consortium of her husband, Kevin, and will continue to suffer such damages in the future.

89. Kevin Walker seeks all damages available to him under Indiana Code § 26-1-2-715.

WHEREFORE, Plaintiffs, Kevin Walker and Julia Walker, pray for judgment against the Defendants, Compass Health Brands Corp., Binson's Hospital Supplies, Inc. d/b/a Binson's Medical Equipment & Supplies, and Bliss Health Products Co., Ltd. , in an amount that will fully and fairly compensate Plaintiffs for their injuries and damages, costs of this action, attorney fees, for interest as allowed by law, and all other relief that is just and proper in the premises.

Respectfully submitted,

WILSON KEHOE WININGHAM, LLC

/s/ *Jonathon B. Noyes*

Jonathon B. Noyes, #31444-49
Emily K. Chimenti, #34240-64
2859 North Meridian Street
Indianapolis, IN 46208
Tel: (317) 920-6400
Fax: (317) 920-6405
Email: jnoyes@wkw.com & echimenti@wkw.com
*Attorneys for Plaintiffs*

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a jury trial on all claims so triable in this action.

Respectfully submitted,

WILSON KEHOE WININGHAM, LLC

/s/ *Jonathon B. Noyes*

Jonathon B. Noyes, #31444-49
Emily K. Chimenti, #34240-64
2859 North Meridian Street
Indianapolis, IN 46208
Tel: (317) 920-6400
Fax: (317) 920-6405
Email: jnoyes@wkw.com & echimenti@wkw.com
*Attorneys for Plaintiffs*